IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV497-1-MU
3:02CR4-MU

| | |
|---|---|
| KEVIN LEWIS MAYWEATHER,   )<br>)<br>Petitioner,   )<br>)<br>v.   )<br>)<br>UNITED STATES OF AMERICA,   )<br>)<br>Respondent.   )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed March 11, 2004; and Petitioner's Motion to Amend, filed February 8, 2006.

For the reasons set forth below, the Court grants Petitioner's Motion to Amend, grants Respondent's Motion for Summary Judgment, and dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

## PROCEDURAL HISTORY

On January 9, 2002, the United States Government charged Petitioner in three counts of a six-count Bill of Indictment with conspiracy to possess with the intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). The Indictment also charged that during and in relation to a drug trafficking crime Petitioner did knowingly, willfully, and unlawfully use and carry a firearm and in furtherance of such drug trafficking crime, did possess said firearm in violation of 18 U.S.C. § 924(c)(1).

Petitioner's case would satisfy either the carry prong or the possession prong of § 924(c). Consequently, Petitioner was not prejudiced by any alleged failure by his counsel to explain the "in furtherance" language.

**B. Failure to File Pre-Trial Motion Challenging § 924(c) Charge**

Petitioner also alleges that his counsel was ineffective because he failed to file a pre-trial motion challenging the § 924(c) charge. In his motion to vacate Petitioner does not specify what pre-trial motion his counsel should have filed.[2] The allegation that an unspecified motion should have been filed is insufficient to support an ineffective assistance of counsel claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

In his reply brief, Petitioner asserts that a motion to dismiss the § 924(c) charge should have been filed based upon the reasoning set forth in the case of United States v. Speight, 95 F. Supp.2d 595 (S.D.W.V. 2000). In Speight the district court, at the close of evidence, dismissed the defendant's § 924(c) charge after noting that the Indictment failed to charge the element of the crime. In the Speight case the Indictment mixed up the possession and carry language of § 924(c) and set forth that the defendant possessed the firearm during and in relation to a drug crime. Id. at 599.

The instant case differs from the Speight case in at least two crucial respects. First, Petitioner, unlike the defendant in Speight, pled guilty. Second, the Indictment in Petitioner's

---

[2] The Court notes that Petitioner's counsel did file a motion to suppress the search of Petitioner's automobile which, if successful would have defeated the § 924(c) charge.

6

criminal case accurately tracked the language of § 924(c). Petitioner has failed to set forth any viable basis upon which his counsel should have filed a motion to dismiss. Mere speculation is insufficient. As such, Petitioner has failed to establish that his counsel was ineffective or that he was prejudiced by his counsel's actions.

### C. Failure to Advise Petitioner about Conditional Plea

Petitioner alleges that his counsel failed to inform him that he could have filed a conditional plea and thus preserved his right to appeal any adverse rulings on his pre-trial motions.

Rule 11(a)(2) of the Federal Rules of Criminal Procedure sets forth that "[w]ith the consent of the court and of the government, a defendant may enter a conditional plea of guilty . . . ." Petitioner does not allege, and the record does not support a finding, that the government would have agreed to a conditional plea.[3] Consequently, at a minimum, Petitioner fails to satisfy the prejudice prong of this particular ineffective assistance of counsel claim and it is dismissed.

### D. Failure to Ensure Sufficient Factual Basis

Petitioner alleges that his counsel was ineffective because he failed to ensure that a sufficient factual basis existed for Petitioner's § 924(c) charge. More specifically, Petitioner alleges that his pre-sentence report did not provide a sufficient factual basis to support his § 924(c) charge because it alleged the wrong elements to support a finding that he possessed a firearm in furtherance of a drug trafficking crime.

Petitioner's pre-sentence report sets forth that on November 28, 2001, officers of the Charlotte Mecklenburg Police Department (CMPD) executed a search warrant at the residence of

---

[3] The Court notes that conditional pleas are not common in this district.

7

Julius Turner ("Turner"). During the search of the residence, officers found cocaine and several firearms. Turner was interviewed by investigators and advised them that the cocaine located in his residence was provided to him by Petitioner. Turner then agreed to telephone Petitioner, under the supervision of law enforcement, to persuade Petitioner to sell him cocaine.

After Turner contacted Petitioner it was arranged that Petitioner would sell Turner nine ounces of cocaine on November 28, 2001. When Petitioner arrived at the agreed upon meeting spot, authorities arrested him and searched his vehicle. The search turned up 248.57 grams of cocaine in a golf bag and a Llama .45 caliber pistol and Petitioner's wallet[4] in another golf bag both in the trunk of Petitioner's car.

These facts are sufficient factual basis to establish a § 924(c) violation. Such facts clearly support a conviction under the carry prong of § 924(c). See United States v. Muscarello, 524 U.S. 125, 131 (1998)(knowing possession of a firearm in a locked trunk satisfies the "carry" prong of § 924(c)). In addition, such facts support a possession in furtherance charge. That is, the proximity of the gun to the drugs, the large amount of drugs, and the fact that both were brought to the scene of an admitted drug deal all support the conclusion that Petitioner possessed the gun in furtherance of his drug deal. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir.), cert. denied, 537 U.S. 1031 (2002)(setting forth factors that might lead a fact finder to conclude that a connection existed between a defendant's possession of a firearm and his drug trafficking activity). Consequently, Petitioner's counsel was not ineffective for failing to challenge the

---

[4] The Court notes that the Special Agent affidavit attached to the Criminal Complaint sets forth that Petitioner's wallet was found in the golf bag containing the gun. Petitioner now contends that his wallet was not found in the golf bag as set forth in this report. In support of his argument Petitioner attaches a property report of the Charlotte Mecklenburg police. The court does not find such report to conclusively contradict the Special Agent's affidavit.

factual basis set forth in Petitioner's pre-sentence report because it was sufficient to establish a § 924(c) violation.

### E. Failure to Investigate Facts

Petitioner also alleges that his counsel failed to properly investigate the facts of his case. More specifically, Petitioner states that he requested that his counsel: 1) have the firearms and golf clubs fingerprinted; 2) investigate the connection between Turner and Mr. James Wallace; and 3) question the arresting officer who listened in on the phone conversation between Turner and Petitioner.

Counsel is only required to make a reasonable investigation and may conclude that a particular investigation is unnecessary. Such decisions are afforded great deference. See Strickland, 466 U.S. at 690-91; see also Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982); Sallie v. North Carolina, 587 F.2d 636 (4th Cir. 1978).

Petitioner's counsel, in contrast to Petitioner's assertions, states in his affidavit that in general Petitioner did not like to engage in any type of discussion about the facts and circumstances surrounding his possession of a firearm. (Lange Aff.). More specifically, counsel states that, he does not recall ever being asked to have the gun and the golf clubs finger printed.[5] Id. More important, Petitioner offers no evidence to support a conclusion that any of the

---

[5] The Court notes that Petitioner' recollection of his interactions with counsel appear to be poor at best. Petitioner sets forth in his affidavit that he only met with his counsel 3 or 4 times for only 20 to 30 minutes . Counsel sets forth in his affidavit that his records reveal that he met with Petitioner at least 13 times and that such calculation does not include the 2 two hour meeting counsel had with Petitioner and his family the weekend before his trial was scheduled to start.

9

investigations he is now suggesting would reveal evidence to support his claims.[6] Mere speculation is insufficient to support a claim. As such, he has failed to satisfy the prejudice prong of this Strickland claim.

### F. Failure to Move for Dismissal of Count Six

Petitioner alleges that the § 924(c) charge in his Indictment was inadequate to provide him with notice of the charge against him. A review of the language charging Petitioner with a § 924(c) violation reveals that the charge closely tracks the language of the statute itself. There is no basis for dismissing Petitioner's § 924(c) charge based upon lack of notice and therefore Petitioner's counsel was not ineffective for failing to move for its dismissal.

### G. Motion to Amend

Petitioner has filed a Motion to Amend seeking to amend his Motion to Vacate. More specifically, Petitioner seeks to add case authority and argument in support of his claim that his counsel's ineffectiveness rendered his guilty plea unknowing and involuntary.

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Forman v. Davis, 371 U.S. 178, 182 (1962). For good cause shown, the Court grants Petitioner's Motion to Amend.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Respondent's Motion for Summary Judgment is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**; and

---

[6] Indeed despite the fact that Petitioner keeps insisting that if the golf bag with the gun had been fingerprinted it would have revealed that he never touched anything inside the bag, he never accounts for the fact that his wallet was found in that very bag.

10

3. Petitioner's Motion to Amend is **GRANTED**.

Signed: March 8, 2006

*[signature]*

Graham C. Mullen
United States District Judge
